UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARVIN LEROY BASNER,

        Petitioner,

                                 CASE NO. 05-CV-70285-DT
   v.                          JUDGE PAUL D. BORMAN
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

DOUGLAS VASBINDER,

        Respondent.

_____/


## REPORT AND RECOMMENDATION

*Table of Contents*

I.     RECOMMENDATION ................................................................. 2
II.    REPORT ................................................................................. 2
    A.    *Procedural History* ........................................................... 2
    B.    *Factual Background Underlying Petitioner's Conviction* ............................. 4
    C.    *Procedural Default* ........................................................... 4
    D.    *Standard of Review* .......................................................... 9
    E.    *Sufficiency of the Evidence* ................................................... 11
        1.    *Clearly Established Law* .............................................. 11
        2.    *Analysis* ........................................................... 13
    F.    *Ineffective Assistance of Counsel* .............................................. 14
        1.    *Clearly Established Law* .............................................. 15
        2.    *Trial Counsel* ....................................................... 16
            a.  Failure to Call/Interview Res Gestae Witnesses ........................... 16
            b.  Failure to Present Defense to Count II ................................... 17
            c.  Failure to Investigate Medical Testing ................................... 18
        3.    *Appellate Counsel* ................................................... 18
    G.    *Jury Note Taking* ........................................................... 19
    H.    *Conclusion* ................................................................ 20
III.   NOTICE TO PARTIES REGARDING OBJECTIONS ....................................... 20

I.      <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus.

II.     <u>REPORT</u>:

A.      *Procedural History*

1.      Petitioner Marvin Leroy Basner is a state prisoner, currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan.

2.      On January 24, 2001, petitioner was convicted of one count of first degree criminal sexual conduct (CSC-I), MICH. COMP. LAWS § 750.520b(1)(a), and one count of second degree criminal sexual conduct (CSC-II), MICH. COMP. LAWS § 750.520c(1)(a), following a jury trial in the Iasco County Circuit Court.  On March 26, 2001, he was sentenced to a term of 86 months to 30 years of imprisonment on the CSC-I conviction, and to a concurrent term of 71 months to 15 years of imprisonment on the CSC-II conviction.

3.      Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claim

> DEFENDANT-APPELLANT'S CONVICTIONS SHOULD BE REVERSED BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO FIND FOR THE CONVICTION OF FIRST DEGREE CRIMINAL SEXUAL CONDUCT.

The court of appeals found no merit to petitioner's claim, and affirmed his conviction and sentence. *See People v. Basner*, No. 233457, 2002 WL 1923861 (Mich. Ct. App. Aug. 20, 2002) (per curiam).

4.      Petitioner, proceeding *pro se*, sought leave to appeal this issue to the Michigan Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Basner*, 468 Mich. 874, 659 N.W.2d 233 (2003).

5.      Petitioner filed a motion for relief from judgment in the trial court pursuant to MICH.

CT. R. 6.500-.508, raising the following claims:

I.      WAS TRIAL COUNSEL INEFFECTIVE FOR FAILING TO INTERVIEW AND CALL RES GESTAE WITNESSES, FAILURE TO PRESENT A DEFENSE TO COUNT II OF THE INDICTMENT, AND FOR FAILURE TO INVESTIGATE MEDICAL TESTING AND/OR RESULTS THEREOF IN VIOLATIONS OF THE DEFENDANT['S] SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES AND MICHIGAN CONSTITUTIONS?

II.     DID THE APPELLANT RECEIVE THE INEFFECTIVE ASSISTANCE OF COUNSEL APPOINTED TO HIS APPEAL OF RIGHT IN VIOLATION OF THE DEFENDANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTIONS?

III.    DID THE PROSECUTION['S] FAILURE TO LIST ALL RES GESTAE WITNESSES VIOLATE THE DEFENDANT'S RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND MICHIGAN CONSTITUTIONS?

IV.     DID THE TRIAL COURT COMMIT REVERSIBLE ERROR AND DENY THE DEFENDANT THE RIGHT TO A FAIR TRIAL WHEN IT INSTRUCTED THE JURY NOT TO TAKE NOTES DURING THE TRIAL?

On December 2, 2003, the trial court denied petitioner's motion for relief from judgment, concluding that the claims lacked merit. *See People v. Basner*, No. 00-4102-FC (Iosco County, Mich., Cir. Ct. Dec. 2, 2003) [hereinafter "Trial Ct. op."].[1] The Michigan Court of Appeals and Michigan Supreme Court denied petitioner's applications for leave to appeal in standard orders, based on petitioner's "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Basner*, 471 Mich. 955, 690 N.W.2d 104 (2004); *People v. Basner*, No. 253423 (Mich. Ct. App. July 15, 2004).

6.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus

---

[1]A copy of the trial court's order denying petitioner's motion for relief from judgment is attached to petitioner's application for leave to appeal that disposition to the Michigan Court of Appeals.

3

on January 27, 2005.  As grounds for the writ of habeas corpus, he raises the insufficiency of the evidence claim that he raised on direct appeal, as well as the ineffective assistance and jury note taking claims that he raised in his motion for relief from judgment.

7.      Respondent filed his answer on September 7, 2005.  He contends that petitioner's insufficiency of the evidence claim is without merit, and that petitioner's remaining claims are barred by petitioner's procedural default in the state courts.

8.      Petitioner filed a reply to respondent's answer on October 11, 2005.

B.    *Factual Background Underlying Petitioner's Conviction*

The facts underlying petitioner's convictions were accurately summarized by the Michigan Court of Appeals:

> Defendant was charged with two counts of CSC I arising out of allegations that on May 19, 2000 he penetrated complainant's vagina with his finger and forced her to commit fellatio on him.  Complainant was seven years old at the time. Complainant's mother testified that on May 19, 2000 defendant babysat complainant after school while she took her other children to the dentist.  Complainant testified that on a day when her mother and siblings went to the dentist defendant took her for a ride to the woods.  She stated that defendant stuck his finger in her vagina and forced her to perform fellatio on him.
> A state police trooper testified that initially, complainant told her that defendant touched her vaginal area outside her clothing.  Subsequently, complainant reported that defendant penetrated her vagina with his finger.  Defendant testified and denied complainant's allegations.  He did not recall May 19, 2000, and did not recall babysitting for complainant.  The jury found defendant guilty of one count of CSC I and one count of CSC II as a lesser included offense of the count of CSC I.

*Basner*, 2002 WL 1923861, at *1, slip op. at 1.

C.    *Procedural Default*

Respondent first contends that petitioner's claims are barred by petitioner's procedural default in the state courts, because petitioner failed to raise these claims on direct appeal.  The Court should disagree.

4

Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). However, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris*, 489 U.S. at 263. Furthermore, "only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review . . . of a federal constitutional claim." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)); *see also*, *Calderon v. United States Dist. Ct. for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotation omitted) ("For the procedural default doctrine to apply, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.").

Here, petitioner first presented his purportedly defaulted habeas claims in his motion for relief from judgment. Michigan Court Rule 6.508, governing motions for relief from judgment, provides that the movant "bears the burden of establishing entitlement to relief." MICH. CT. R. 6.508(D). The rule goes on to provide, in three separately numbered paragraphs, procedural situations in which relief will not be granted: (1) where an appeal relating to the conviction is pending; (2) where the claim has already been ruled upon in a prior appeal or postconviction motion; and (3) where the claim could have been raised in a prior appeal or postconviction motion but was not. *See* MICH. CT. R. 6.508(D)(1)-(3).

The Michigan Court of Appeals and the Michigan Supreme Court both rejected petitioner's

5

appeal based on his "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *See People v. Basner*, 471 Mich. 955, 690 N.W.2d 104 (2004); *People v. Basner*, No. 253423 (Mich. Ct. App. July 15, 2004). Looking at the structure of Rule 6.508(D), it would appear that this language indicates that petitioner failed to meet the substantive burden of entitlement to relief, rather than failed to comply with one of the procedural aspects of the rule. This, in turn, would not constitute an invocation of a state procedural default barring habeas review of petitioner's claims. Respondent, however, relies on the Sixth Circuit's decision in *Simpson v. Jones*, 238 F.3d 399 (6th Cir. 2000), in which the court held otherwise and concluded that this identical language constitutes an invocation of the procedural aspects of Rule 6.508(D), and thus bars federal habeas review. *See Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000).

Were *Simpson* the last word on the matter, this Court would of course be bound to follow the Sixth Circuit's holding. However, a more recent decision by the Sixth Circuit has limited the breadth of the *Simpson* rule, rendering it inapplicable here. In *Abela v. Martin*, 380 F.3d 915 (6th Cir. 2004), the Court explained that its previous decisions in *Simpson* and *Burroughs v. Makowski*, 282 F.3d 410 (6th Cir. 2003), were based on the fact that the lower state courts in those cases had expressly invoked the procedural aspect of Rule 6.508(D)(3), and therefore the court could be fairly certain that the Michigan Supreme Court's citation to "MCR 6.508(D)" was intended as an invocation of the procedural aspect of that rule. In *Abela*, however, the lower courts had addressed the petitioner's claims on the merits, and this was enough to distinguish *Simpson* and *Burroughs*, as the court explained:

> In short, unlike in *Simpson* and *Burroughs*, the state courts below the supreme court never invoked a procedural bar here, but rather repeatedly ruled on the merits. The procedural circumstances in this case are, therefore, materially different from those in *Simpson* and *Burroughs*, where the lower state courts actually invoked a

6

procedural bar, making it clearer that the Michigan Supreme Court was also invoking such a bar when it referred to M.C.R. 6.508(D). But given that all of the lower state courts adjudicated Abela's case on the merits, it is not at all clear that the Michigan Supreme Court's summary order relies on a procedural bar, as opposed to the non-procedural reason that Abela simply failed to meet his burden of "establishing entitlement to the relief requested." Indeed, given the line of prior merits determinations in Abela's case, it is just as reasonable to presume that the Michigan Supreme Court's reference to M.C.R. 6.508(D) signaled its agreement with the lower courts' merits determinations as it is to presume that the reference signaled, for the first time in this case, the invocation of a procedural bar.

In short, the procedural facts of *Simpson* and *Burroughs* are distinguishable from our case. The facts in *Simpson* and *Burroughs* inspired greater certainty that the Michigan Supreme Court actually relied on a procedural bar in rendering its judgment. No such clarifying indicators are present here. Moreover, *Simpson* and *Burroughs* do not purport to eviscerate our Circuit's rule that a state procedural rule is an "independent and adequate" state ground only if the state court rendering judgment in the case "clearly and expressly stated that its judgment rested on a procedural bar." *Sparkman*, 94 F.3d at 202. *Simpson* and *Burroughs* did not hold that we should divine procedural default from any and all references to M.C.R. 6.508(D) where such default may actually have occurred, but where the procedural history raises genuine questions as to the state court's actual reliance on a procedural bar. To suggest that those cases did so hold is to accept that they invert the inquiry into whether federal review of the habeas claims is permitted. That is, pursuant to *Maupin v. Smith*, 785 F.2d 135 (1986), whether the petitioner actually failed to comply with a procedural rule is only the predicate, not the ultimate, question before us. The ultimate legal questions are whether the court relied on and expressly invoked that procedural bar and whether it is an "independent and adequate" ground for precluding review. *See Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir.2001). If a state court is slurring its words, our job is not to guess what it might be saying, but rather to demand that it enunciate more clearly. Here, because of numerous factors--the Michigan Supreme Court's reference only to M.C.R. 6.508(D), the absence of a clear and express invocation of a procedural bar, and the plausibility, based on the prior state courts' merits rulings, that the Michigan Supreme Court, too, grounded its decision in a non-procedural reason based on Abela's failure to "establish[] entitlement to relief"–we cannot find that M.C.R. 6.503(D)(3), the state procedural rule urged by Respondent, was actually relied on by the Michigan Supreme Court in this case. For the same reasons, we cannot find that M.C.R. 6.503(D) constitutes an adequate and independent basis for the state supreme court's decision here.

*Abela*, 380 F.3d at 923-24; *see also*, *Williams v. Jones*, 231 F. Supp. 2d 586, 597 (E.D. Mich. 2002)

(Lawson, J.).

Here, as in *Abela*, the trial court did not reject petitioner's claims on the basis of his failure

to raise those claims on direct appeal, *i.e.*, under the procedural rule set forth in Rule 6.508(D)(3). Rather, the trial court found that the claims were without merit. *See* Trial Ct. op., at 1-2. Thus, in the legally relevant respects this case is identical to *Abela*, and under that decision petitioner's claims are not defaulted. Accordingly, the Court should conclude that petitioner's claims are not barred by a procedural default.

Further, even were the Court to conclude that petitioner's claims are procedurally defaulted, it is still necessary to consider the claims on the merits. As noted above, petitioner can still have his defaulted claims reviewed on the merits if he can show cause for, and prejudice attributable to, his default in the state courts. Petitioner contends that his appellate counsel was ineffective for failing to raise these claims on direct appeal. If petitioner's position is correct, counsel's ineffectiveness may constitute cause to excuse any procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).[2] To demonstrate that appellate counsel was ineffective petitioner must show, *inter alia*, that his claims would have succeeded on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996). Given that the cause and prejudice inquiry merges with an analysis of the merits of petitioner's defaulted claims, it is better to simply consider the merits of these claims, even if they are defaulted. *See Jamison v. Collins*, 100 F. Supp. 2d 647, 676 (S.D. Ohio 2000); *Watkins v. Miller*, 92 F. Supp. 2d 824, 832 (S.D. Ind. 2000); *cf. Strickler v. Greene*, 527 U.S. 263, 282 (1999)

---

[2]Respondent contends that petitioner's ineffective assistance of appellate counsel claim is procedurally defaulted for the same reason as his other claims, an argument which if true would render appellate counsel's ineffectiveness unavailable as a basis for establishing cause. However, petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Hicks v. Straub*, 377 F. 3d 538, 558 n. 17 (6th Cir. 2004); *Johnson v. Warren,* 344 F. Supp. 2d 1081, 1089 n. 1 (E.D. Mich. 2004) (Gadola, J.).

(considering merits of petitioner's habeas claims where inquiry into the merits mirrored cause and prejudice inquiry).

D.     *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694.  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court

to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court."  Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence."  *Williams*, 529 U.S. at 412.  Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16.  Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the

decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

E.      *Sufficiency of the Evidence*

Petitioner first contends that there was insufficient evidence to prove his guilt beyond a reasonable doubt.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970).  Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  Reviewing courts must view the evidence, draw inferences and resolve conflicting inferences from the record in favor of the prosecution.  *See Neal v. Morris*, 972 F.2d 675, 678 (6th Cir. 1992).  In determining the sufficiency of the evidence, the court must give circumstantial evidence the same weight as direct evidence.  *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993).  However, under the amended version of § 2254(d)(1) a federal habeas court must apply a more deferential standard of review of the state court decision.  Thus, the question here is whether the Michigan Court of Appeals's application of

the *Jackson* standard was reasonable. *See Gomez v. Acevedo*, 106 F.3d 192, 198-200 (7th Cir. 1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 522 U.S. 801 (1998); *Restrepo v. DiPaolo*, 1 F. Supp. 2d 103, 106 (D. Mass 1998).

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, "[a] federal court must look to state law to determine the elements of the crime." *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999).

Petitioner was convicted of both CSC-I and CSC-II. Under Michigan law, criminal sexual conduct in the first degree is defined as follows: "A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:  (a) That other person is under 13 years of age." MICH. COMP. LAWS § 750.520b(1)(a). Petitioner was also convicted under MICH. COMP. LAWS § 750.520c(1)(a), which provides: "A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists:  (a) That other person is under 13 years of age." Thus, to be convicted of CSC-I the evidence must show that petitioner's victim was under 13 years of age and that he engaged in an act of sexual penetration with her. Likewise, for the CSC-II conviction to stand, the victim must have been under 13 years old and petitioner must have engaged in an act of sexual contact with her. Under the Michigan law,

12

(k) "Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification.

(*l*) "Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

MICH. COMP. LAWS § 750.520a.

2.    *Analysis*

Petitioner argues that the evidence was insufficient to sustain his convictions because, "while there was evidence that the complainant was under the age of thirteen, absent medical evidence substantiating the penetration, the complainant's testimony was inherently incredible and her mother's testimony was inconsistent."   Pet., ¶ 6.   The Michigan Court of Appeals rejected petitioner's claim, explaining:

Given the lack of physical evidence, this case was a credibility contest between defendant and complainant.  The testimony of a complainant in a CSC case need not be corroborated.  MCL 750.520h.  Inconsistencies in the testimony given by complainant and her mother were not material to the question of whether the offenses occurred.  Complainant clearly testified that the charged incidents occurred.

The jury was charged with the task of weighing the credibility of the witnesses and deciding what testimony to believe and what testimony to reject, and was instructed that it could consider a witness's age and maturity when deciding whether to believe the person.  The jury was entitled to accept complainant's testimony and to reject that given by defendant.

*Basner*, 2002 WL 1923861, at *1-*2, slip op. at 2.   The Court should conclude that this determination was a reasonable application of *Jackson*.

Petitioner does not contend that the victim's testimony, if believed, was insufficient to establish his guilt on each element of the charged crimes, nor could he.  The victim testified that petitioner put his finger in her vagina and forced her to put his penis in her mouth, *see* Trial Tr., Vol.

13

II, at 39, 42-43, and this testimony is sufficient to establish the elements of the CSC offenses.  This being the case, petitioner's sufficiency of the evidence claim fails.  As the Michigan Court of Appeals correctly observed, it is well-established that "the testimony of a rape victim alone is sufficient to support a defendant's conviction."  *United States v. Howard*, 218 F.3d 556, 565 (6th Cir. 2000); *see also*, *Gilpin v. McCormick*, 921 F.2d 928, 932 (9th Cir. 1990); MICH. COMP. LAWS § 750.520h.  This conclusion is not altered by the fact that the victim was young, or that there was no medical evidence to corroborate her claims.  *See United States v. Miller*, 293 F.3d 468, 471 (8th Cir. 2002) (testimony of child victim alone sufficient to sustain conviction); *Gilpin*, 921 F.2d at 932 (same).

Nor is this conclusion altered by the fact that there were inconsistencies within the victim's testimony and between her testimony and the testimony of her mother.  "Even in the face of inconsistent evidence, a victim's testimony alone can be sufficient to support a guilty verdict." *United States v. Kenyon*, 397 F.3d 1071, 1076 (8th Cir. 2005).  These inconsistencies and alleged credibility issues do not, however, call into question the sufficiency of the evidence as a constitutional matter.  It is the job of the jury, not this Court sitting on habeas review, to resolve conflicts in the evidence, and this Court must presume that the jury resolved those conflicts in favor of the prosecution.  *See Jackson*, 443 U.S. at 326; *United States v. Sherwood*, 98 F.3d 402, 408 (9th Cir. 1996); *see also*, *United States v. Bailey*, 444 U.S. 394, 414-15 (1980) ("It is for [jurors] and not for appellate courts to say that a particular witness spoke the truth or fabricated a cock-and-bull story.").  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.    *Ineffective Assistance of Counsel*

Petitioner next contends that his trial and appellate counsel rendered constitutionally ineffective assistance in various respects. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.    *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *Id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether

15

there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable

doubt respecting guilt." *Id*. at 695.

    2.    *Trial Counsel*

Petitioner first raises a number of challenges to trial counsel's performance. Specifically,

he contends that counsel was ineffective for: (1) failing to interview and call res gestae witnesses;

(2) failing to present a defense to Count II; and (3) failing to investigate medical testing. The trial

court rejected each of these claims, explaining:

> First, the allegation of failing to interview and call res gestae witnesses, is without
> merit for the reason that this case involved criminal sexual conduct charges involving
> the defendant and a young child which occurred out of the presence of any other
> persons. Since both the victim and the defendant took the witness stand, all of the
> res gestae witnesses testified at trial. Second, defendant alleges that his trial counsel
> failed to present a defense to Count II. However, the allegation is not true since the
> defense was that the victim was not telling the truth and defense counsel pointed to
> inconsistent statements made by the victim and also had the defendant take the stand
> and testify that he denied the allegations alleged in Count II. Third, defendant
> mentions failure to investigate medical testing and/or results thereof, however, he
> does not elaborate or explain what he is referring to, therefore, this allegation is also
> without merit.

Trial Ct. op., at 1. The Court should conclude that these determinations were reasonable.

#### a. Failure to Call/Interview Res Gestae Witnesses

Petitioner first contends that counsel was ineffective for failing to interview and call res

gestae witnesses. However, nowhere in either his state court briefs or his habeas application has

petitioner identified any particular witnesses who should have been called, nor has he detailed what,

if any, exculpatory evidence such witnesses could have provided. It is petitioner's burden to support

his ineffective assistance of counsel claims. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir.

1998) ("mere conclusory allegations in support of a claim of ineffective assistance of counsel are

insufficient to raise a constitutional issue."); *Zellemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir.

2:05-cv-70285-PDB-PJK   Doc # 24   Filed 11/22/05   Pg 17 of 21   Pg ID 520

1991).  "Defense counsel's failure to investigate, interview, or present . . . witnesses does not amount to the ineffective assistance of counsel, because petitioner has failed to identify these witnesses, indicate their availability, or specify the content of their testimony."  *Monroe v. Smith*, 197 F. Supp. 2d 753, 761 (E.D. Mich. 2001) (Tarnow, J.) (citing *United States v. Green*, 21 F. Supp. 2d 521, 525 (D. Md. 1998)).  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### b.  Failure to Present Defense to Count II

Petitioner was charged with two counts of CSC-I, based on two separate alleged acts of penetration occurring as part of a common set of facts.  In Count I, petitioner was charged with digitally penetrating the victim's vagina.  *See* Trial Tr., Vol. II, at 89-90.  In Count II, petitioner was charged with forcing the victim to perform fellatio on him.  *See id*. at 91.  The jury found petitioner guilty of CSC-I on the latter count, but found him guilty of the lesser offense of CSC-II on the former count.  Petitioner contends that counsel was ineffective for failing to present a defense to Count II of the Information.  The Court should reject this claim.

As the trial court correctly noted, petitioner presented a unified defense to both counts of the Information.  He contended simply that he had never been alone with the victim and that he did not sexually assault her in any way.  Petitioner's counsel also attacked the consistency and credibility of the victim and the other prosecution witnesses.  Petitioner's trial testimony reflected this defense, *see* Trial Tr., Vol. II, at 63-64, 66-67, as did counsel's closing argument, *see id*. at 82-83.  This is not a case where counsel focused his defense on one charge, to the exclusion of defending other charges.  Rather, counsel reasonably attacked the entirety of the state's case, arguing that petitioner was more credible in light of the inconsistencies in the prosecution's evidence.  Petitioner has not

17

identified any specific defense that should have been raised by counsel as to Count II specifically. Indeed, it is doubtful that any specific defense to that count could have been raised, in light of petitioner's testimony that he simply did not commit any sexual assault and was never alone with the victim. In these circumstances, petitioner cannot show that counsel's performance was deficient, or that there is a reasonably probability that the result of the proceeding would have been different if counsel had raised some specific defense to Count II. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### c.  Failure to Investigate Medical Testing

Petitioner next claims that trial counsel was ineffective for failing to investigate medical testing. As the trial court noted, however, petitioner failed in the state court to identify what medical testing should have been done, and he has likewise failed to do so here. Nor was there a need for a medical expert to test that state's medical evidence, as the prosecution presented no medical evidence in support of the victim's testimony. *Cf. Malcum v. Burt*, 276 F. Supp. 2d 664, 682 (E.D. Mich. 2003) (Hood, J.). Petitioner has therefore failed to carry his burden of demonstrating that counsel's performance was deficient, or that he was prejudiced by counsel's failure to investigate medical testing. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### 3.  Appellate Counsel

Petitioner next contends that appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel and jury note taking claims on direct appeal. As explained above, to prevail on an ineffective assistance of appellate counsel claim, petitioner must show, *inter alia*, that his omitted claim would have succeeded on appeal. *See Robbins*, 528 U.S. at 285-86;

18

*McCleese*, 75 F.3d at 1180.  Because, as discussed above, petitioner cannot show that his underlying

trial counsel claim is meritorious, and because, as discussed below, petitioner cannot show that his

jury note taking claim is meritorious, he cannot show that appellate counsel was ineffective for

failing to raise these claims on direct appeal.  Accordingly, the Court should conclude that petitioner

is not entitled to habeas relief on this claim.

G.      *Jury Note Taking*

        Finally, petitioner contends that he was denied a fair trial when the trial court instructed the

jurors that they could not take notes, and that they had to rely solely on their own recollections of

the facts.  The trial court rejected this claim, explaining:

> The Trial Court instructed the jury, pursuant to Michigan Criminal Jury Instruction
> 2.18, not to take notes during the trial because it was going to be a short trial.
> Further, the Trial Court instructed the jury, pursuant to Michigan Criminal Jury
> Instruction 2.9 allowing the jurors to ask questions of the witnesses.  The Trial Court
> has discretion as to instructing the jury on both of these issues.  The Court did not
> want note taking because it was going to be a short trial and didn't want jurors taking
> notes and not paying attention.

Trial Ct. op., at 2.  The Court should conclude that this determination was reasonable.

        Petitioner has cited, and I have found, no clearly established Supreme Court law which

requires, as a component of the Due Process Clause, a state trial court to permit jurors to take notes

in a criminal trial.  This fact alone prevents the Court from granting relief on this claim under §

2254(d)(1).  Further, the Sixth Circuit has held that permitting jurors to use notes in their

deliberations does not raise a due process claim.  *See Clemmons v. Sowders*, 34 F.3d 352, 356 (6th

Cir. 1994).  Indeed, even under the standard applied by the federal courts of appeals conducting

direct review of criminal convictions, petitioner's claim fails.  As one court has explained,

"[w]hether it is advisable to permit a jury to take notes is a subject of some debate and reasonable

arguments are advanced for and against the practice. The decision whether to allow the jury to take notes is left entirely to the discretion of the trial court." *United States v. Vaccaro*, 816 F.2d 443, 451 (9th Cir. 1987). Here, petitioner cannot even show that the trial court abused its discretion under this standard. As the trial court noted, petitioner's trial was a short one, lasting a single day and involving the testimony of only four witnesses. No expert or other complicated testimony was presented. In these circumstances, petitioner cannot show that the trial court abused its discretion, much less that the court's decision was unconstitutional in light of clearly established Supreme Court precedent. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

H.   *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis*

*v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit*

*Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing

party may file a response. The response shall be not more than five (5) pages in length unless by

motion and order such page limit is extended by the Court. The response shall address specifically,

and in the same order raised, each issue contained within the objections.


                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

Dated: 11/22/05

> The undersigned certifies that a copy of the foregoing
> order was served on the attorneys of record by electronic
> means or U.S. Mail on November 22, 2005.
>
>                              s/Eddrey Butts
>                              Case Manager

21