UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN LEROY BASNER,

    Petitioner,

                                                       Civil Case No. 05-70285

-vs-                                         PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

DOUGLAS VASBINDER,

    Respondent.
_____/

**ORDER (1) DENYING A CERTIFICATE OF APPEALABILITY; AND
(2) DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Petitioner filed a Motion to Proceed *In Forma Pauperis* for Certificate of Appealability on March 3, 2006, indicating his desire to appeal the Court's February 2, 2006 Order accepting the Magistrate's November 23, 2005 Report and Recommendation ("R&R") that Petitioner be denied the writ of habeas corpus. In order to appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability at the time that the initial habeas petition has been denied, or upon the habeas petitioner's notice of appeal. *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Therefore, this Court may, concurrent with the instant motion, decide the issue of whether a certificate of appealability should issue.

"A certificate of appealability may issue under [§ 2253(c)(1)(A)] only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court dismisses a petition on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In addition, amended Federal Rule of Appellate Procedure 22 provides that:

> In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a district or circuit judge issues a certificate of appealability pursuant to section 2253(c) of Title 28, United States Code.

Fed.R.App.Proc. 22(b).

Upon review of the record, reasonable jurists could not debate whether this Court was correct in its assessment of Petitioner's constitutional claims.  Although Petitioner complained that there was insufficient evidence that he committed sexual assault, the testimony of the complainant child was sufficient for the factfinder to conclude that Petitioner was guilty of criminal sexual conduct under both Sixth Circuit and Michigan law.   As the Magistrate stated in his R&R, "[t]his conclusion is not altered by the fact that the victim was young, or that there was no medical evidence to corroborate her claims." (R&R 14) (citations omitted).

Furthermore, the Court is satisfied that Petitioner's ineffective assistance of counsel and denial of a fair trial claims did not rise to the level of constitutional violations.  For these claims, the Court finds that Petitioner either failed to provide sufficient evidence of the specific wrong suffered or could not prove that the alleged conduct was unconstitutional in light of clearly established Supreme Court precedent.  Thus, the Court declines to issue a certificate of appealability.

Finally, Petitioner's  Motion to Proceed *In Forma Pauperis* for Certificate of Appealability is likewise meritless because the appeal would be frivolous.  *See Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999); 28 U.S.C. § 1915(a).

Accordingly, **IT IS ORDERED** that a Certificate of Appealability is DENIED;

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* is DENIED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 3, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 3, 2006.

s/Jonie Parker
Case Manager